J. S. WILLETT, Appellant, v. FARMER'S SAVINGS BANK OF VICTOR, IOWA.

**Banks:** ACTS ULTRA VIRES. A savings bank incorporated under the laws of Iowa has no authority to contract to furnish clerks for public sales to keep the account of the sales and to take notes with good security, and to be responsible for the exercise of care on the part of such clerks; and, hence, is not liable where its agent at a sale takes a note with a forged indorsement.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

SATURDAY, DECEMBER 17, 1898.

ACTION to recover one hundred and sixty-one dollars and eighty cents, with interest, upon an alleged breach of contract. Defendant's demurrer to the petition was sutained, and, plaintiff electing to stand on his petition, judgment was rendered against him, from which he appeals.—*Affirmed.*

*D. H. Wilson* for appellant.

*Hedges & Rumple* for appellee.

GIVEN, J.—I.   The petition is quite lengthy, but the following will be a sufficient statement of it for the purposes of the question presented on this appeal:   Plaintiff alleges that defendant is a corporation organized under the laws of this state as a savings bank, and is doing business as such; that about the first day of February, 1896, plaintiff employed the defendant, for a consideration, to attend a public sale to be held by plaintiff, as his agent, to keep an account of the sales, to take promissory notes from purchasers, with approved security, when the purchase exceeded five dollars, and to retain the notes, and collect the same when due; that defendant, through its duly authorized agents and servants, attended said sales, kept the accounts, and took the notes, and that plaintiff, relying on them, gave the matter no further consideration; that one James Doonen was a purchaser to the amount of one hundred and sixty-one dollars and eighty cents; that defendant's agent prepared a note for him to execute, and gave it to him to be signed by himself and surety; that James Doonen returned the note to defendant's agent, signed by himself, and purporting to have been signed by Thomas Doonen, and defendant's agent accepted and approved the same; that the name Thomas Doonen to said note was a forgery; that no such man lived in the community; and that, as defendant well knew, James Doonen was not financially responsible.   Plaintiff alleges that the defendant, through its agents and employees, was careless and negligent in permitting James Doonen to take said note to have the same signed by a surety, and in receiving and approving the note, with the knowledge of James Doonen's financial inability, and without inquiring as to Thomas Doonen; that James Doonen has disposed of all his property, and absconded, wherefore it would be useless to bring suit against him; and that because of defendant's negli-

gence plaintiff is entitled to recover the sum of said note and interest from the defendant.    The ground of the demurrer is that the petition shows on its face that the defendant is a savings bank, incorporated under the laws of Iowa, "and the defendant, under the laws of Iowa, has no right or authority to enter into any contract or obligation for the performance of any of the acts stated and set forth in said pleadings."

II.    Brifly stated, the basis of plaintiff's demand is that, for a consideration to be paid, the defendant savings bank agreed that in accepting and approving the sale notes it would exercise care to see that the notes were well secured, and that in accepting the Doonen note it failed to exercise care, and acted negligently.    The petition shows that defendant was incorporated as a savings bank under the laws of Iowa, and under repeated decisions it could only exercise the power conferred by those laws.    The contention being whether the defendant had power to make the agreement set up in the petition, we turn to the laws of Iowa for the answer.    The defendant was incorported under the laws as found in chapter 6, p. 449, and following, McClain's Code, under the head "Savings Banks."    Section 1788 authorizes the incorporation of savings banks "for the purpose of receiving on deposit the savings and funds of others, and preserving and safely keeping the same, and paying interest or dividends thereon."    Section 1789 provides that they "shall have power to transact business of such institutions."    Section 1792, under "Enumeration of Powers," provides that they shall have power: "First. To sue and be sued in any court.    Second.    To make and use a common seal, and to alter the same at pleasure.    Third.    To purchase, hold, sell, convey, and release from trust or mortgage, such real and personal estate as hereinafter provided for in this act.    Fourth.    To appoint such officers, agents, and servants as the business of the corporation shall require; to define their powers, prescribe their duties, and fix their compensation; and to require of them such security as may be thought proper for the fulfillment of their duties.    Fifth.    To

loan and invest the funds of the corporation, to receive deposits of money, or to loan and invest the same as hereinafter provided, and to repay such deposits without interest, or with such interest as the by-laws or the constitution may provide. *Sixth.* To make by-laws, not inconsistent with the laws of this state, for the organization of the company, and the management of its property, the regulation of its affairs, the condition on which deposits will be received, the time and manner of dividing the profits and of paying interest on deposits, and for carrying on all kinds of business within the objects and purposes of the company." Section 1794 authorizes such banks "to receive on deposit all such sums of money as shall, from time to time, be offered by tradesmen, merchants, laborers, servants, minors and others." Section 1796 authorizes the directors or trustees to invest the funds belonging to the bank, all moneys deposited therein, and all the gains or profits thereof, "only as follows," namely, bonds, etc., of the United States and of this state, stock bonds or warrants of any city, town, county, village, or school district of this state, issued pursuant to any law of the state, and in notes secured by first mortgage or deed of trust upon real estate in this state; also to discount, purchase, sell, and make loans upon commercial paper, notes, bills of exchange, drafts, or any other personal or public security. Section 1797 makes it lawful for such banks to purchase, hold, and convey the real estate in which the business is carried on, and such as shall have been purchased at foreclosure or execution sales on mortgages or judgments owned by the bank. Other powers conferred relate to the manner of organizing. As we view it, there is not in all these sections an expression that can be construed as authorizing savings banks to make such an agreement as that set up in the petition. If they may agree to furnish clerks for public sales to keep the account of the sales and to take notes with good security and to be responsible for the exercise of care on the part of such clerks, they may contract to furnish like services to merchants, manufacturers, common carriers, and others,

and to assume like obligations. Such an obligation is somewhat in the nature of a security. In *Lucas v. Transfer Co.,* 70 Iowa, 542, we held that the defendant, incorporated for "general freight and transfer business," had no power to make a contract whereby it became surety for another. The alleged agreement is not within the powers conferred, and is contrary to the spirit and purpose of the statute authorizing savings banks. This conclusion finds support in the case of *Lucas v. Transfer Co., supra.*

III.   In *Lucas v. Transfer Co., supra,* it is said: "Where the officers of a corporation make a contract with third parties in regard to matters apparently within their corporate powers, but which, upon the proof of extrinsic facts (of which such parties had no notice), lies beyond their powers, the corporation must be held, unless it may avoid liability by taking timely steps to prevent loss or damage to such third parties; for in such cases the third party is innocent, and the corporation or stockholders less innocent for having selected officers not worthy of the trust reposed in them." The matter of this contract was not, apparently, within the corporate powers of a savings bank. Plaintiff would not have thought of going to a savings bank to furnish him help on his farm under an agreement that the help should exercise care in the performance of the work. The illustrations given in that opinion show that the rule dose not apply in this. The demurrer was properly sustained, and the judgment is therefore AFFIRMED.